EMMA GARDNER, ALIAS EMMA JONES, v. THE STATE.

No. 17340. Delivered February 13, 1935.
Rehearing Denied April 17, 1935.
Request for Leave to File Second Motion for Rehearing Denied
(Without Written Opinion) May 1, 1935.

The opinion states the case.

*J. H. Guthrie* and *J. W. Taylor*, both of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for theft; penalty assessed at confinement in the penitentiary for two years.

The evidence is to the effect that Scott, the alleged injured party, had something over $300.00 about his person. While in the city of Waco he had sexual relations with a negro woman. After concluding the act he noticed that part of his money was missing.

In her confession the appellant stated that Scott said to her: "You've got my money." Appellant told him that she did not have it. Scott undertook to take the money away from her and her friends interfered. When the scuffle was over, one of her friends had the money, which they finally divided. Appellant received $150.00, one of her companions received $50.00, another received $10.00 and another received an unknown amount. Upon the trial, appellant gave in substance the following testimony: After they had completed the act of intercourse and were getting up off the bed, Scott said: "Woman, you have got my money." Appellant replied: "I haven't got any money of yours. * * * If you lost it in here you look for it." Appellant said that Scott did not look for the money but began to beat her; that she ran out in the back yard. A negro named "Red" asked Scott what was the trouble and he replied: "This woman has got my money." Appellant said: "I ain't got any money of yours." After scuffling down the street for some time a quantity of money got into the hands of a friend of appellant, after which it was divided in the manner mentioned above.

We fail to perceive any legal questions calling for discussion. Whether appellant took the money from the alleged injured party was a question of fact which was solved against her by the jury.

Appellant sought a suspended sentence which was denied by the jury.

No error having been perceived or pointed out, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The order made in this case on Wednesday, April 3, 1935, is withdrawn and the following opinion substituted.

The granting of a rehearing is urged on the ground that there is a variance between the pleading and the proof in that

appellant is charged with theft, and insists that the case made by the proof is of theft from the person. Many cases decided by this court hold that if such be the case there should be a reversal. Such is not the case here.

No witness swore that appellant took the money from the person of Scott without his knowledge, or so suddenly as not to allow time for resistance. All Scott knew was that when he went into the woman's house he had the money in a pocket in the vest part of his overalls. He said this pocket was buttoned, and after engaging in sexual intercourse with the women he missed his money. He would not swear that she unbuttoned his pocket. In fact he said he did not feel her unbutton it, and did not know when or how he lost the money. All he knew was that is was gone, and when he charged her, she threw it to another woman. So far as we know from this record, the pocket may have become unbuttoned and the money fallen out. As far as the record shows appellant tried the case as one of ordinary theft. It was so submitted to the jury, and there were no exceptions to the charge. No special charge was asked telling the jury that if they found it a case of theft from the person, they should acquit. The evidence fully establishes a case of theft. If appellant wished to have the jury told that in case they found that the money was taken from Scott's person, they should acquit, she should have asked a special instruction to that effect, but she did not do so. We would be in rather a peculiar attitude should we assume that because there are some indications in the facts before us that might suggest the possibility of a conviction for a different offense, that we should send the case back to the court a quo when the evidence fully supports the judgment.

The motion for rehearing is overruled.

*Overruled.*